# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL R. BELLO, | CIVIL ACTION NO. |
| Plaintiff, | COMPLAINT WITH JURY |
| v. | TRIAL DEMAND |
| SELECT PORTFOLIO SERVICING, INC., | Document Filed Electronically |
| Defendants. | |

Plaintiff, Michael Bello, (hereinafter "Plaintiff") an individual consumer, brings this action for civil penalties and other relief against Defendant, Select Portfolio Servicing, Inc., (hereinafter "SPS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq (hereinafter "FDCPA") and for a Breach of the duty of good faith and fair dealing as follows:

## I. INTRODUCTION

1.      This is an action for actual and statutory damages, costs and attorney's fees brought by Michael Bello, an individual consumer, against Defendant, SPS Portfolio Servicing, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., (hereinafter ''FDCPA''), which prohibits debt collectors from: Any conduct the natural consequence of which is to harass, oppress or abuse any person; Any other false, deceptive, or misleading representation or means in connection with the debt collection; and Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

1

## II. JURISDICTION & VENUE

2.      This is an action arising under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §1692, et seq., to obtain monetary civil penalties, a permanent injunction, restitution, and

other equitable relief for Defendant's violations of the FDCPA.

3.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337, and 15

U.S.C. §1692.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as a substantial part of the events

giving rise to the claim took place in this Judicial District and Defendant is subject to personal

jurisdiction in this Judicial District under 28 U.S.C. §§ 139l(b)(2)and(c) and 1395(a).


## III. PARTIES

5.      Plaintiff is a natural person with a residence at 770 Anderson Ave PHD, Cliffside Park, New

Jersey.

6.      Upon information and belief, the Defendant, SPS, operates a mortgage servicing

company in the United States. The company specializes in the default servicing of single-family

residential mortgage loans including the collection of debts in this state and several other states.

SPS is engaged in the collection of debts from consumers using the mail, telephone and the

Courts.  Its principal place of business is located at 3217 S Decker Lake Drive, Salt Lake City,

UT, 84119.

7.      Upon information and belief, SPS is registered and authorized to do business in the State

of New Jersey and has a registered agent located at Corporation Service Company, Princeton

South Corporate Center, Ste. 160, 100 Charles Ewing Blvd, Ewing, New Jersey, 08628.

2

8.      SPS began serving this loan after the alleged date of default.  In addition, its business purpose of regularly attempting to collect consumer debts on behalf of others makes them a "debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

9.      On or about March 20, 2006, Plaintiff incurred a financial obligation from Washington Mutual that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a mortgage for his property at 23 Rio Vista Dr., Alpine, New Jersey.

10.     The FDIC website claims that on September 25, 2008,  the banking operations of Washington Mutual – (Washington Mutual Bank, Henderson, NV and Washington Mutual Bank, FSB, Park City, UT collectively "Washington Mutual") were sold in a transaction facilitated by the Office of Thrift Supervision (OTS) and the Federal Deposit Insurance Corporation (FDIC)

11.     After Washington Mutual went out of business, Plaintiff stopped receiving mortgage statements and there was no entity accepting the mortgage payments.  It was at that time that SPS claims the loan went into default.

12.     Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to SPS for collection from the Plaintiff.

13.     SPS is seeking to conduct a Sheriff Sale on Plaintiff's property at 23 Rio Vista Dr., Alpine, New Jersey, on Friday 29, 2019, in the matter of U.S. Bank v. Bello, Docket No.  F-13137-15

14.     Plaintiff has been seeking a resolution of this matter for several months through a loan modification, short payoff, or other payment arrangements.

15.     On or about November 30, 2018, SPS advised that they recognized that Plaintiff could afford to pay for the property and further advised that they intended to offer a loan modification. SPS asked Plaintiff to submit a proposal for settlement.

16.     On December 5, 2018, Plaintiff provided the following proposals for settlement: 1. Short payoff of $2,600,000; or 2. Payment of $1,000,000 in exchange for a reduction of principle to $1,900,000 and a modification based upon the $1,900,000; or 3. A modification with P&I payments of $10,000/month and principle reduced to $3,000,000.  (Exhibit A)

17.     Since December, Plaintiff has continually followed up with SPS to ask for a response to the offers and ask SPS to adjourn the sheriff sale while the parties work on settlement.

18.     SPS did not respond to settlement offers and Plaintiff was forced to use his final statutory adjournment to adjourn the sale to Friday, February, 29, 2019.

19.     Prior to making the offers for settlement, Plaintiff had advised that he would consider reinstatement if other settlement options could not be reached and SPS indicated the matter could be resolved through reinstatement.

20.     SPS has not provided reinstatement figures, or any explanation as to why they will not adjourn the sale or discuss Plaintiff's offers to settle.

21.     Plaintiff is a respected businessman and member of the community.  This mortgage issue is a blight on his credit that has prevented him from pursuing certain business transactions. He has been desperately trying to resolve this matter.

22.     Plaintiff has been forced to incur attorney fees and costs for Motions to try to stay the sheriff sale and seek mediation. (Exhibit B is Plaintiff's most recent motion seeking to stay the Sheriff Sale. However a copy of this complaint has been omitted from the exhibit.)

23.     Plaintiff has also been forced to incur attorney fees and costs to file this action.

## V. CLAIMS FOR RELIEF

### FIRST COUNT
### VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d, *et seq.*

24.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

25.     SPS took the actions described, *supra,* in an attempt to collect a debt represented by the Loan.

26.     15 U.S.C. § 1692d, provides, *inter alia,* that a debt collector may not use conduct the natural consequence of which is to harass, oppress or abuse any person.

27.     SPS advised Plaintiff that they intended to offer him a modification and that they wanted him to provide a proposal.

28.     In reliance on that representation, Plaintiff submitted the following offers for settlement on or about December 5, 2018: 1. Short payoff of $2,600,000; or 2. Payment of $1,000,000 in exchange for a reduction of principle to $1,900,000 and a modification based upon the $1,900,000; or 3. A modification with P&I payments of $10,000/month and principle reduced to $3,000,000.  (Exhibit A)

29.     Since that time, Plaintiff has been trying to communicate with SPS to discuss the offers and settlement, but SPS has not agreed to mediate and will not discuss the offers they requested.

30.     Plaintiff has been forced to live each day with a sheriff sale scheduled and this has caused stress and feeling of abuse and oppression.

31.     Plaintiff has a legally protected right under the FDCPA to be treated with truth, fairness and dignity and to have SPS communicate regarding the offers they requested.

32.     The parties had discussed reinstatement. Defendant had agreed to provide reinstatement figures but has failed or refused to do so. It is clear SPS intends to forgo Plaintiff's right to settle or reinstate and instead proceed to sheriff sale.

33.     Plaintiff has a legally protected right under the FDCPA to be treated with truth, fairness and dignity and to have SPS review the offers, after SPS promised to do so.

34.     SPS's actions undermined Plaintiff's ability to determine how to address this debt.

35.     Plaintiff has expended numerous hours consulting with his attorney as a result of SPS's deceptive collection actions.

36.     Plaintiff has suffered emotional distress and continued damage to his credit, as a direct consequence of SPS's unlawful attempts to collect a debt.

37.     As a result of SPS's actions, SPS is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees as further described, *supra*.

38.     The foregoing acts by SPS constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

39.     As a result of SPS'S violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

        **WHEREFORE,** Plaintiff respectfully requests that judgment be entered against SPS for the following:

        A. Declaratory judgment that the conduct violated the FDCPA.

        B. Actual damages.

6

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as the Court may deem just and proper.

## SECOND COUNT
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e, *et seq*.

40.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

41.     SPS took the actions described, *supra,* in an attempt to collect a debt represented by the Loan.

42.     15 U.S.C. § 1692e, provides, *inter alia,* that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the debt collection.

43.     SPS represented that they intended to give Plaintiff a modification to settle this matter and requested Plaintiff provide settlement proposals.

44.     Plaintiff submitted good faith offers and has been forced to wait for a response which has still not come.

45.     Plaintiff is now four (4) days away from a sheriff sale and has had no meaningful response from SPS.

46.     The parties had discussed reinstatement, which Defendant agreed could resolve the issue, but Defendant has failed or refused to provide the reinstatement figures or a response to Plaintiff's settlement offers.

47.     Plaintiff has a legally protected right under the FDCPA to be treated with truth, fairness and dignity and to have SPS review the offers, after SPS promised to do so.

48.     SPS misled Plaintiff into believing that they intended to resolve this matter and their actions in not responding to settlement offers or providing reinstatement figures and moving to a sheriff sale, undermined Plaintiff's ability to determine how to address this debt.

49.     Plaintiff has expended numerous hours consulting with his attorneys as a result of SPS's deceptive collection actions.

50.     Plaintiff has suffered emotional distress and continued damage to his credit, as a direct consequence of SPS's unlawful attempts to collect a debt.

51.     As a result of SPS's actions, SPS is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees as further described, *supra*.

52.     The foregoing acts by SPS constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

53.     As a result of SPS'S violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

   **WHEREFORE,** Plaintiff respectfully requests that judgment be entered against SPS for the following:

   A. Declaratory judgment that the conduct violated the FDCPA.

   B. Actual damages.

   C. Statutory damages pursuant to 15 U.S.C. § 1692k.

   D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

   E. For such other and further relief as the Court may deem just and proper.

**THIRD COUNT**
**VIOLATION OF THE FDCPA, 15 U.S.C. § 1692f,** *et seq.*

54.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

55.     SPS took the actions described, *supra*, in an attempt to collect a debt represented by the Loan.

56.     15 U.S.C. § 1692f, provides, *inter alia,* that a debt collector may not use any unfair or unconscionable means to collect or attempt to collect the alleged debt.

57.     Plaintiff has a legally protected right under the FDCPA to be treated with truth, fairness and dignity and to have SPS review the offers, after SPS promised to do so.

58.     It was unfair and unconscionable for SPS to mislead Plaintiff into believing that they intended to resolve this matter, requesting Plaintiff submit settlement offers and then refusing to respond to the offers, or provide reinstatement figures while moving to a sheriff sale. These actions by Defendant have undermined Plaintiff's ability to address this debt.

59.     Plaintiff has expended numerous hours consulting with his attorney as a result of SPS's deceptive collection actions.

60.     Plaintiff has suffered emotional distress and continued damage to his credit, as a direct consequence of SPS's unlawful attempts to collect a debt.

61.     As a result of SPS's actions, SPS is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees as further described, *supra*.

62.     The foregoing acts by SPS constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

63.     As a result of SPS'S violations of the FDCPA, Plaintiff is entitled to actual

damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15

U.S.C. § 1692k(a)(3), from Defendant herein.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against SPS for

the following:

A. Declaratory judgment that the conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as the Court may deem just and proper.

## FOURTH COUNT
## VIOLATION OF THE DUTY OF GOOD FAITH AND FAIR DEALING

64.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

65.     SPS represented that they intended to offer a modification to Plaintiff and that they

wanted Plaintiff to provide a proposal.

66.     In reliance on that representation, Plaintiff submitted the following proposals for

settlement: 1. Short payoff of $2,600,000; or 2. Payment of $1,000,000 in exchange for a

reduction of principle to $1,900,000 and a modification based upon the $1,900,000; or 3. A

modification with P&I payments of $10,000/month and principle reduced to $3,000,000.

(Exhibit A)

67.     Plaintiff relied upon the representations of SPS they intended to review Plaintiff for a

modification if Plaintiff submitted settlement offers or, if settlement could not be reached, that

they would provide reinstatement figures to avoid sheriff sale.

10

68.    Plaintiff retained Counsel and incurred expenses to provide the necessary proposals to resolve this matter.

69.    Plaintiff provided the information requested by SPS in order to avoid foreclosure and save his property.

70.    SPS has refused to review the offers submitted by Plaintiff, respond to the offers submitted by Plaintiff, discus settlement, or provide Plaintiff with reinstatement figures. Instead Plaintiff has continued the foreclosure and refused to adjourn the sheriff sale scheduled for Friday, February 29, 2019.

71.    SPS is seeking to enforce a contract with Plaintiff, namely the mortgage.

72.    Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.

73.    A party to a contract breaches these duties when his/her conduct frustrates the purpose of the contract.

74.    Defendant's conduct, in failing to respond to the settlement offers it requested from Plaintiff, or provide reinstatement figures, was an effort by Defendant to frustrate the purpose of the contract and permit Plaintiff to resume mortgage payments.

75.    Defendants interference with or failure to cooperate in settlement resolution or reinstatement has intentionally frustrated Plaintiff's ability to perform under the contract.

76.    Plaintiff suffers damages attributable to Defendant's breach of the duties of good faith and fair dealing.

77.    SPS has refused to act in good faith and deal with Plaintiff fairly, which has caused emotional distress and continued damage to his credit, in addition to attorney's fees and costs and the possibility of losing his property.

78.     SPS's statement to Plaintiff that they believed he had the financial ability to pay, and that they wanted him to make a proposal for settlement, was false information or made negligently.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against SPS for the following:

A. Declaratory judgment that the conduct violated the duty of good faith and fair dealing.

B. Actual damages.

C. Costs and reasonable attorney fees.

D. For such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted,

Dated: February 25, 2019

**IRA J. METRICK, ATTORNEY AT LAW, LLC**

By:  */s/Ira J. Metrick*
Ira J. Metrick, Esq.
Attorney I.D.# 010331994
57 West Main Street
Freehold, NJ 07728
Telephone:  (732) 863-1660
Facsimile: (732) 863-1949
ira@metrickesq.com

**Attorney for Plaintiff**

## CERTIFICATION

The undersigned does hereby certify that the matter in controversy is the subject of a separate and related Chancery Action <u>U.S. Bank v. Bello</u>, Docket No.  F-13137-15. Other than the foregoing action, Plaintiff is unaware of any other litigation, arbitration or other proceeding, either in existence or presently contemplated, between the parties.

Dated: 2/25/2019

*/s/  Ira J. Metrick*
Ira J. Metrick, Esq.
Attorney I.D.# 010331994
57 West Main Street
Freehold, NJ 07728
Telephone:  (732) 863-1660
Facsimile: (732) 863-1949
ira@metrickesq.com
Attorney for Plaintiff
